1IN0 THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Classy Glass, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-CV-221 |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| The Cincinnati Insurance Company; | ) | DEMAND FOR JURY TRIAL |
| The Cincinnati Casualty Company; and | ) | |
| The Cincinnati Indemnity Company, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Classy Glass, Inc, through its undersigned counsel of records pleads as follows:

Parties:

1. Plaintiff Classy Glass, Inc. is a Wisconsin corporation providing various retail services at locations in Wisconsin and Colorado with a principal office of 4230 E. Towne Blvd., STE 298, Madison, WI 53704-3704.

2. Defendant The Cincinnati Insurance Company is an insurance corporation domiciled in Ohio with its principal office located at 6200 S. Gilmore Rd., Fairfield Ohio 45014-5141.

3. Defendant The Cincinnati Casualty Company is an insurance corporation domiciled in Ohio with its principal office located at 6200 S. Gilmore Rd., Fairfield Ohio 45014-5141.

4. Defendant The Cincinnati Indemnity Company is an insurance corporation domiciled in Ohio with its principal office located at 6200 S. Gilmore Rd., Fairfield Ohio 45014-5141.

## Jurisdiction and Venue:

5. This Court has jurisdiction over this complaint under the provisions of 28 U.S. Code § 1332(a) as all the defendants are corporate citizens of the State of Ohio with principal offices all located at 6200 S. Gilmore Rd., Fairfield, Ohio 45014-5141 and Classy Glass, Inc. is a corporate citizen of the State of Wisconsin with a principal office located at 4230 E. Towne Blvd., STE 298, Madison, WI 53704-3704, and the amount in controversy is in excess of $75,000.00.

6. Venue is proper under 28 U.S. Code §1391(b)(2) as several of Classy Glass, Inc.'s retail locations are located within this district and are at issue between the parties including businesses located at 438 E. Towne Blvd., Madison, WI 53704 and 438 N. Frances Street, Madison, WI 53703 both of which are located in this District.

## Statement of Common Facts

7. Classy Glass Inc. operates three retail businesses located in Madison Wisconsin and one retail location in Denver, Colorado.

8. In Wisconsin, Classy Glass, Inc. operates three businesses all in rented spaces on 438 N. Frances St., Madison, Wisconsin 53703-1080.

9. These businesses are:

    a. Classy Glass, a retail shop offering local artists glass products and other smoking accessories;

2

b. Madison Glass Academy, a glass blowing operation offering glass blowing classes and experiences to consumers; and

c. The Frances Street Market, a convenience market selling various products including but not limited to snacks, beverages, sandwiches, and essential daily products.

10. In Colorado, Classy Glass Inc. operated one business, the Denver Glass Academy, a glass blowing operation offering glass blowing classes and experiences to consumers.

11. Classy Glass Inc. has commercial insurance coverage for all of its business operations through The Cincinnati Insurance Companies, The Cincinnati Insurance Company, The Cincinnati Casualty Company, and The Cincinnati Indemnity Company (collectively hereafter "the Cincinnati Defendants").

12. A true and correct copy of that policy, ENP0554629, (hereafter "the Insurance Policy") has been attached to this complaint as Exhibit "A".

13. Beginning in January of 2020, cases of SARS-CoV-2 (hereafter "Covid-19") began appearing throughout the continental United States, including Wisconsin and Colorado.

14. On January 30, 2020 the World Health Organization declared Covid-19 a public health emergency of international concern, that organization's highest level of alarm.

3

15. As of date of this pleading there have been more than twenty-seven million known case of Covid-19 in the United States resulting more than four hundred and sixty-three thousand known deaths nationwide.

16. In Wisconsin there have been more than six hundred and one thousand known cases of Covid-19 resulting more than six thousand and six hundred known deaths statewide.

17. Similarly, Colorado there have been more than four hundred and eight thousand known cases of Covid-19 resulting in more than five thousand and eight hundred known deaths statewide.

18. On March 25, 2020 Wisconsin Governor Tony Evers and DHS Secretary-designee Andrea Palm issues Emergency Order #12 "Safer at Home Order" a true and correct copy of which is attached to this Complaint as Exhibit "B".

19. This "Safer at Home Order" placed stringent limitations on what private businesses and services could remain open in the face of rapidly spreading global pandemic.

20. These restrictions remained in place until mid-May 2020 when an extension of the "Safer at Home Order" was blocked by the Wisconsin Supreme Court beginning the process of ending the State of Wisconsin's closure of "non-essential" businesses statewide which concluded with expiration of the original order.

21. On March 11, 2020 Colorado Governor Jared Polis issued Executive Order D 2020 003, "Declaring a Disaster Emergency Due to the Presence of Coronavirus

4

Disease 2019 in Colorado" placing Colorado into a state of emergency, a true and correct copy of this order is attached to this Complaint as Exhibit "C".

22. This order specifically references the ability of Covid-19 to spread through "droplets" and "touching a surface or object that has the virus on it…."

23. Like Governor Evers in Wisconsin, on March 25, 2020 Governor Jared Polis of Colorado issued Executive Order D 2020 017, "Ordering Coloradans to Stay at Home Due to the Presence of COVID-19 in the State", a true and correct copy of which is attached to this complaint as Exhibit "D", which ordered Coloradans to stay at home and the closure of all but "Critical Businesses".

24. In both Colorado and Wisconsin, Classy Glass, Inc.'s various business arms, including Classy Glass, Denver Glass Academy, and Madison Glass Academy were deemed to be non-essential by the relevant government authority, subjecting them to closures.

25. As of February 2020 Classy Glass Inc. has gross sales of approximately $85,000.00 per month from sales at its various locations.

26. Classy Glass Inc. had reason to conclude, that their locations had been infected with Covid-19—as both Madison and Denver were considered Covid-19 hotspots—and shutdown those locations to protect its employees, customers, and others from exposure to Covid-19.

27. As a result of the Covid-19 global pandemic and the resultant governmental shutdown orders Classy Glass Inc. had to close three of its retail

locations—Class Glass, the Madison Glass Academy, and the Denver Glass Academy—for a minimum of five months.

28. Indeed due to the requirements of glass blowing classes and experiences both the Denver Glass Academy and the Madison Glass Academy remain closed due to the Covid-19 global pandemic.

29. The Denver Glass Academy has been closed permanently in an effort to reduce the losses being suffered by Classy Glass, Inc. from its ongoing closure and the Cincinnati Defendants refusal to compensate Classy Glass, Inc. for that business interruption.

30. This closure resulted in a direct loss to Classy Glass, Inc.

31. As a result of this closure Classy Glass suffered in excess of five hundred thousand dollars ($500,000.00) in business interruption damages.

32. Business interruption is a covered loss under the Insurance Policy.

33. In an effort to minimize the damages as a result of this shutdown Classy Glass, Inc. received money thought the Payment Protection Program to help cover salaries and wages of its employees.

34. Classy Glass, Inc. has further attempted to mitigate its damages by selling some of the products pervious sold at Classy Glass in Madison at the Frances Street Market which was deemed an essential business unlike all the other businesses operated by Classy Glass, Inc.

35. As there were no laws broken in the causing of this loss to Classy Glass Inc. so the police were not notified.

6

36. Classy Glass upon suffering this loss promptly notified the Cincinnati Defendants in April of 2020.

37. In May of 2020 Classy Glass Inc. provided the Cincinnati Defendants a detailed description of how the loss occurred including accompanying documentation.

38. Classy Glass Inc. took all steps within their control to protect the insured property from further losses.

39. Classy Glass Inc. as part of the claims process complied with any and all requests for inventories of damaged and undamaged property.

40. Classy Class Inc. was willing to comply with any request for an inspection to prove the loss as allowed for by the insurance policy, however the Cincinnati Defendants refused to undertake such an inspection despite Classy Glass Inc.'s direct request for them to do so.

41. The Cincinnati Defendants refused to investigate Classy Glass Inc.'s claim, even though they are obligated to do so.

42. The refusal placed Classy Glass in an impossible position, reopen without an investigation and place customers and employees at risk of getting Covid-19 and dying or staying closed in spite of the Cincinnati Defendants' wrongful refusal to compensate Classy Glass Inc. for a covered claim.

43. Classy Glass Inc. complied with any and all requests for signed sworn proofs of loss made by the Cincinnati Defendants.

44. Classy Glass Inc. cooperated at all time with Cincinnati Defendants' "investigation" of Glassy Glass Inc.'s loss.

45. Classy Glass Inc. resumed or will resume business operations as soon as was possible taking into account the safety of employees, patrons, and local and national rules and guidelines governing the Covid-19 global pandemic.

46. The Insurance Policy contains absolutely no pandemic and/or virus exclusion.

47. This is true even though pandemic and/or virus exclusions exist in many business interruption policies issued in the United States.

48. Quite clearly the Cincinnati Defendants are trying to avoid paying for losses arising out of an insured risk by attempting to add an exclusion to the Insurance Policy which does not exist.

49. Government imposed shutdowns are a covered loss under the Insurance Policy.

50. The Cincinnati Defendants have denied Classy Glass Inc.'s claim for coverage under the Insurance Policy.

51. As part of this denial the Cincinnati Defendants issued a letter indicating the Cincinnati Defendants' reasoning for denying Classy Glass Inc.'s claim. A true and correct copy of that letter is attached to this complaint as Exhibit E.

52. One of the reasons for denial enumerated in this letter is that a Pollution Exclusion allegedly applies as the Cincinnati Defendants allege that Covid-19 is a Pollutant.

8

53. This position is unsupportable under the plain language of the Insurance Policy and the operation of Wisconsin law.

54. The Pollutant exclusion in the Insurance Policy states:

(l) **Pollutants** Discharge, dispersal, seepage, migration, release, escape or emission of "pollutants" unless the discharge, dispersal, seepage, migration, release, escape or emission is itself caused by any of the "specified causes of loss". But if the discharge, dispersal, seepage, migration, release, escape or emission of "pollutants" results in a "specified cause of loss", we will pay for the "loss" caused by that "specified cause of loss".

55. The Insurance Policy further defines pollutants as:

"Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, asbestos, chemicals, petroleum, petroleum products and petroleum by-products, and waste. Waste includes materials to be recycled, reconditioned or reclaimed. "Pollutants" include but are not limited to substances which are generally recognized in industry or government to be harmful or toxic to persons, property, or the environment regardless of whether injury or damage is caused directly or indirectly by the "pollutants" and whether:
    **a.** You are regularly or otherwise engaged in activities which taint or degrade the environment; or
    **b.** You use, generate or produce the "pollutant".

56. Nowhere in these definitions and limitations is there any indication it would apply to viruses and as such the operation of Wisconsin insurance law dictates viruses are not excluded from coverage by the pollutants exclusion.

57. Indeed the only times viruses are mentioned in the Insurance Policy are references to computer viruses.

58. Covid-19 is not a pollutant, and the Cincinnati Defendants know that to be true.

9

<u>Plaintiff Classy Glass Inc.'s First Cause of Action: Breach of Contract</u>

59. Classy Glass Inc. realleges and incorporates the allegations of paragraphs one (1) through fifty-eight (58) as if restated herein.

60. Classy Glass Inc. and the Cincinnati Defendants had a valid insurance contract at the time that Classy Glass Inc. made a claim for business interruption coverage stemming from the Covid-19 global pandemic and the government-imposed closures resulting therefrom.

61. Under the Policy the Cincinnati Defendants was obligated to compensate Classy Glass Inc. for covered losses suffered during the policy period.

62. The Cincinnati Defendants have not compensated Classy Glass Inc. for the damages it has suffered from the Covid-19 global pandemic.

63. The Cincinnati Defendants have not compensated Classy Glass Inc. for the damages it has suffered from the actions taken by the governments of the State of Wisconsin and State of Colorado which forced Classy Glass Inc. to close its various businesses.

64. The Cincinnati Defendants were required to cover the damages stated in paragraphs fifty-one and fifty-two of this complaint under the plain language of the Insurance Policy.

65. This failure to compensate Classy Glass Inc. constitutes a breach of contract by the Cincinnati Defendants.

66. Classy Glass, Inc. made a due demand for the Cincinnati Defendants to perform under the Insurance Policy.

10

67. In spite of this due demand for the Cincinnati Defendants to perform under the Insurance Policy the Cincinnati Defendants have resolutely refused to perform their obligations under the Insurance Policy.

68. As a result of this breach Classy Glass Inc. has suffered damages in an amount greater than $75,000 with the specific amount to be determined by the finder of fact.

### Plaintiff Classy Glass Inc.'s Second Cause of Action: Bad Faith (Wisconsin)

69. Classy Glass Inc. realleges and incorporates the allegations of paragraphs one (1) through sixty-eight (68) as if restated herein.

70. The Cincinnati Defendants failed to conduct an investigation of the facts and circumstances of Classy Glass, Inc.'s business interruption by all available and reasonable means and also failed to inform itself of the nature and extent of the business interruption sustained by Classy Glass Inc.

71. The Cincinnati Defendants conducted their investigation of the losses suffered by Classy Glass Inc. in such a way as to prevent it from gathering meaningful information about the facts upon which Classy Glass, Inc.'s claims were based.

72. The Cincinnati Defendants, in particular, refused to determine whether or not Covid-19 was present on the premises of Classy Glass Inc, at one point even advising Classy Glass that such an investigation was not the Cincinnati Defendants' duty, in direct contravention to the duties imposed upon insurance companies by the law of the State of Wisconsin.

11

73. Indeed no adjuster or other investigators ever visited any of Classy Glass' various locations Wisconsin to enter the premises, check if Classy Glass was indeed shutdown, or even take as much as a ingle picture of the exterior of one of the buildings.

74. The Cincinnati Defendants have denied coverage for the State of Wisconsin's shutdown of Classy Glass Inc. under the Insurance Policy's language relating to government action.

75. The Cincinnati Defendants' denial of coverage for the shutdown imposed by the State of Wisconsin has no reasonable basis in fact or law.

76. The Cincinnati Defendants have denied business interruption coverage of Classy Glass Inc.'s damages resulting from having to shutdown Classy Glass, Inc.'s two locations in Madison as a result of the Covid-19 Global Pandemic.

77. The Cincinnati Defendants had no reasonable basis for denying Classy Glass Inc.'s business interruption claim for benefits under the Insurance Policy resulting from the Covid-19 global pandemic.

78. The Cincinnati Defendants have further denied coverage to Classy Glass, Inc. for business interruption coverage under the theory that such damages are excluded under a Pollutant Exclusion under the Insurance Policy.

79. Based solely on the plain language of the Pollutants Exclusion, that Exclusion does not apply and the arguments advanced by the Cincinnati Defendants willfully and wantonly disregard the plain and unambiguous language of the Insurance Policy.

12

80. The Cincinnati Defendants refusal to compensate Classy Glass, Inc. based upon the Pollutant Exclusion has no reasonable basis in law or fact.

81. As a result of the Cincinnati Defendants' failure to properly investigate Classy Class Inc.'s claim and the subsequent unreasonable denial of Classy Glass Inc.'s claim the Cincinnati Defendants acted in bad faith.

82. This bad faith denial of coverage caused Classy Glass Inc. to suffer additional damages including legal fees among other losses.

83. The Cincinnati Defendants conduct in denying Classy Glass, Inc.'s business interruption coverage was willful, wanton, malicious, and/or in reckless disregard of the rights of Classy Glass, Inc.

<u>Plaintiff Classy Glass Inc.'s Third Cause of Action: Bad Faith (Colorado)</u>

84. Classy Glass Inc. realleges and incorporates the allegations of paragraphs one (1) through sixty-eight (68) as if restated herein.

85. The Cincinnati Defendants failed to conduct an investigation of the facts and circumstances of Classy Glass Inc.'s business interruption by all available and reasonable means and also failed to inform itself of the nature and extent of the business interruption sustained by Classy Glass Inc.

86. The Cincinnati Defendants conducted their investigation of the losses suffered by Classy Glass Inc. in such a way as to prevent it from gathering meaningful information about the facts upon which Classy Glass, Inc.'s claims were based.

87. The Cincinnati Defendants in particular refused to determine whether or not Covid-19 was present on the premises of Classy Glass Inc., at one point even advising Classy Glass Inc. that such an investigation was not the Cincinnati Defendants' duty, in direct contravention to the duties imposed upon insurance companies by the law of the State of Colorado.

88. In fact, the Cincinnati Defendants never dispatched an adjustor or other investigator to the Denver location for which Classy Glass Inc. was making a claim for business interruption.

89. The Cincinnati Defendants have denied coverage for the State of Colorado's shutdown of Classy Glass Inc. under the Insurance Policy's language relating to government action.

90. The Cincinnati Defendants' denial of coverage for the shutdown imposed by the State of Colorado has no reasonable basis in fact or law.

91. The Cincinnati Defendants have denied business interruption coverage of Classy Glass Inc.'s damages resulting from having to shutdown Classy Glass, Inc.'s locations in Colorado as a result of the Covid-19 Global Pandemic.

92. The Cincinnati Defendants had no reasonable basis for denying Classy Glass Inc.'s business interruption claim for benefits under the Insurance Policy resulting from Covid-19.

93. The Cincinnati Defendants have further denied coverage to Classy Glass, Inc. for business interruption coverage under the theory that such damages are excluded under a Pollutant Exclusion under the Insurance Policy.

14

94. As previously stated, based solely on the plain language of the Pollutants Exclusion, that exclusion does not apply.

95. The Cincinnati Defendants refusal to compensate Classy Glass, Inc. based upon the Pollutant Exception has no reasonable basis in law or fact.

96. As a result of the Cincinnati Defendants failure to properly investigate and the subsequent unreasonable denials of Classy Glass Inc.'s claim the Cincinnati Defendants acted in bad faith.

97. This denial of coverage caused Classy Glass Inc. to suffer additional damages due to the Cincinnati Defendants refusal to compensate Classy Glass, Inc. for its claim including legal fees among other losses to be determined by the factfinder and subject to doubling under applicable Colorado statutory and common law.

98. The Cincinnati Defendants conduct in denying Classy Glass, Inc.'s was malicious, wanton, and in reckless disregard of the rights of Classy Glass, Inc.

WHEREFORE, Classy Glass, Inc. demands the following relief:

a. Judgment against the Cincinnati Defendants for compensatory damages in an amount more than $75,000 as determined be the finder of fact for both its breach of contract and insurance bad faith claims;

b. The award of punitive damages as a result of the insurance bad faith claims as provided for by law and in an amount to be determined by the finder of fact;

c. For its costs, disbursement and actual attorney's fees as provided by law.

<u>Jury Demand</u>

Classy Glass Inc. hereon demands these claims be tried before a jury.

Dated this 2nd day of April, 2021.

TREBLAW, LLC

Alex Trebatoski
Wisc. State Bar No. 1117893
Chris J. Trebatoski
Wisc. State Bar No. 1001105
1110 N. Old World Third Street
Suite 400
Milwaukee, WI 53203
T. (414) 316-6456
F. (414) 316-6454
aht@treblaw.com
cjt@treblaw.com
Attorneys for Classy Glass Inc.